UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNABELLE CHARLIER,

                        Plaintiff,

-against-

21 ASTOR PLACE CONDOMINIUM, BOARD OF MANAGERS OF THE 21 ASTOR PLACE CONDOMINIUM, RESIDENTIAL MANAGEMENT GROUP, LLC D/B/A DOUGLAS ELLIMAN PROPERTY MANAGEMENT, WILLIAM RIBBECKE, as President of the Board of Managers of the 21 Astor Place Condominium, RICARDO PROVERBS, individually,

                        Defendants.

No. 22-CV-05903-LTS

---

MEMORANDUM ORDER

Annabelle Charlier ("Plaintiff") brings this action against 21 Astor Place Condominium (the "Condominium"), Residential Management Group, LLC d/b/a Douglas Elliman Property Management ("Douglas Elliman") (together with the Condominium, the "Employer Defendants"), the Board of Managers of 21 Astor Place Condominium ("Board of Managers"), William Ribbecke, in his capacity as President of the Board of Managers ("Mr. Ribbecke") (together with the Board of Managers, the "Non-Employer Defendants" (together with the Employer Defendants, the "Condo Defendants")), and Ricardo Proverbs, individually ("Mr. Proverbs"), asserting twelve claims of sex-based discrimination, retaliation, aiding and abetting, and interference under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE § 8-107 et seq., against all Defendants, as well as common law claims for intentional infliction of emotional distress against

Mr. Proverbs only[1] and negligence against the Employer Defendants. (Docket entry no. 1 (the "Complaint").) The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

The Condo Defendants have moved to dismiss this complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[2] (Docket entry no. 42 (the "Motion").) The Court has considered the parties' submissions carefully and, for the following reasons, the Condo Defendants' motion is granted in part, and denied in part.

BACKGROUND

Unless otherwise noted, the following summary is drawn from the Complaint, all well-pleaded allegations of which are presumed true for the purposes of this motion practice.

Within one month after Plaintiff moved into the 21 Astor Place Condominium in April 2021, Mr. Proverbs, who worked as the "doorman/concierge" of the Condominium, targeted Plaintiff with sexually charged remarks. (Complaint ¶ 27.) Plaintiff alleges that Edward Hernandez,[3] the building manager supervisor,[4] often and repeatedly observed Mr. Proverbs' behavior, which continued almost daily until late June 2021. (Id. ¶¶ 27, 30, 33.)

---

[1] Plaintiff only asserts this claim against Defendant Proverbs. Accordingly, the Condo Defendants' motion does not address the intentional infliction of emotional distress count.

[2] Mr. Proverbs has not moved to dismiss the claims against him.

[3] Edward Hernandez is not a party to this suit.

[4] The Complaint refers to Edward Hernandez as the "building manager supervisor," while Plaintiff's opposition memorandum uses the term "building supervisor." For the sake of clarity, the Court tracks the allegations in the Complaint and refers to Mr. Hernandez's title as "building manager supervisor."

Mr. Proverbs eventually escalated his behavior, routinely visiting Plaintiff's apartment unannounced and, on multiple occasions, entering her apartment uninvited and remaining there for hours. (Id. ¶¶ 35-38, 41-42, 46.) During some of these visits, Mr. Proverbs went to Plaintiff's apartment unannounced and "banged" on her door for approximately five to ten minutes. (Id. ¶¶ 41-42.) On June 29, 2021 (the "June 29 incident"), Mr. Proverbs made another unannounced visit to Plaintiff's apartment during which he pushed the door open, walked in, and remained alone with Plaintiff for approximately three to four hours. (Id. ¶¶ 46-47, 51.) During this interaction, Mr. Proverbs showed Plaintiff sexually provocative videos and asked Plaintiff to spin around so he could "ogl[e]" her. (Id. ¶¶ 48, 50.) Mr. Proverbs repeatedly used vulgar, graphic, and derogatory language to refer to women, female body parts, and sexual intercourse, and commented directly on Plaintiff's body parts. (Id. ¶¶ 54-56, 61, 68-69.) At the conclusion of this interaction, Mr. Proverbs described his time as a former gang member, repeatedly threatening Plaintiff that "snitches always end up in ditches." (Id. ¶¶ 54, 59-60, 73.)

Plaintiff alleges that, due to Mr. Proverbs' conduct, she lived in fear for her safety, and she could not leave her apartment for around seven weeks while Mr. Proverbs was working in the building. During that period, Plaintiff's husband had to escort her in and out of the building. Accordingly, Plaintiff alleges, she suffered severe emotional and physical consequences. (Id. ¶¶ 73-75.)

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requirement is satisfied when

the factual content of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that contains only "naked assertions" or a "formulaic recitation of the elements of the cause of action" cannot suffice. Twombly, 550 U.S. at 555. "In deciding a Rule 12(b)(6) motion, a court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences in favor of the plaintiff." Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017) (citing Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009)).

*Discrimination Claims*

Plaintiff seeks to bring federal, state, and local discrimination claims against all Defendants by imputing liability for Mr. Proverbs' alleged discriminatory conduct to the Condo Defendants. The Court begins by analyzing the sufficiency of Plaintiff's housing discrimination claims before turning to the vicarious liability of the Condo Defendants for Mr. Proverbs' alleged actions.

Housing Discrimination Claims under the FHA, NYSHRL, and NYCHRL

Housing discrimination claims brought under the NYSHRL are analyzed under the same framework as claims brought under the FHA. See Skorupska v. 525 West 52 Prop. Owner, LLC, 625 F. Supp. 3d 90, 108-109 (S.D.N.Y. 2022) (collecting cases); Olsen v. Stark Homes, Inc., 759 F.3d 140, 153 (2d Cir. 2014). To state a housing discrimination claim under the FHA based on sexual harassment, a plaintiff must plead facts to establish "(1) that she was subjected to harassment sufficiently pervasive and severe so as to create a hostile housing environment, (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the [defendant]."

A.L.M. ex rel. Moore v. Bd. of Managers of Vireum Schoolhouse Condo., No. 19-2771-CV, 2021 WL 5121137, at *1 (2d Cir. Nov. 4, 2021) (summary order) (quoting Pierre v. Lantern Grp. Found., Inc., No. 14-CV-8449-JMF, 2016 WL 3461309, at *2 (S.D.N.Y. June 20, 2016)).  Courts have recognized, however, that the provisions of the NYCHRL should be analyzed more liberally than those of the FHA and NYSHRL and should be construed broadly in favor of plaintiffs.  See Shimanova v. TheraCare of N.Y., Inc., No. 16-CV-6250-LGS, 2017 WL 980342, at *6 (S.D.N.Y. Mar. 10, 2017); see also Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 38-39 (N.Y. App. Div. 2009) (rejecting the "severe or pervasive" harassment standard in the employment context, due to the broad remedial purpose of the NYCHRL, and noting that "the primary issue for a trier of fact in harassment cases . . . is whether the plaintiff . . . has been treated less well than other[s] because of her gender").

The parties do not dispute that, as a woman, Plaintiff is a member of a protected class, nor do they dispute that Mr. Proverbs' conduct was allegedly motivated by Plaintiff's sex.  The Condo Defendants contend, however, that Mr. Proverbs' alleged conduct was not "sufficiently pervasive or severe" to support a viable cause of action.  A.L.M. ex rel. Moore, 2021 WL 5121137, at *2.

*Severe or Pervasive Harassment*

To satisfy the severity requirement, a plaintiff must demonstrate "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her living environment."  Ghaly v. U.S. Dep't of Agric., 739 F. Supp. 2d 185, 196 (E.D.N.Y. 2010) (citing Alfano v. Costello, 294

F.3d 365, 374 (2d Cir. 2002)).[5] The Court determines the significance of the harassment by considering "the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, and whether it is physically threatening or humiliating rather than merely offensive." Wetzel v. Glen St. Andrew Living Comm., LLC, 901 F.3d 856, 862 (7th Cir. 2018); see also A.L.M. ex rel. Moore, 2021 WL 5121137, at *1 ("The '[f]actors to be considered . . . include . . . the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved.'" (quoting 24 C.F.R. § 100.600(a)(2)(i)(A))).

Plaintiff has plausibly pleaded that Mr. Proverbs' conduct during the June 29 incident was "extraordinarily severe," and that it was sufficiently physically threatening and humiliating to create a hostile housing environment. A.L.M. ex rel. Moore, 2021 WL 5121337, at *1 (finding a triable issue regarding the severity of tenant's harassment where, for years, they endured "excessive" noise, their packages were damaged, and they were repeatedly "intersected" while attempting to enter their apartment); Wetzel, 901 F.3d at 862 (finding a triable issue of fact as to the severity of Plaintiff's harassment where, for 15 months, "she was bombarded with threats, slurs, derisive comments about her family, taunts about a deadly massacre, physical violence, and spit"). During the incident in Plaintiff's apartment, Mr. Proverbs allegedly

---

[5]   "Courts, including the Second Circuit, have consistently relied on Title VII cases in their analysis of housing discrimination under the FHA." United States v. E. River Hous. Corp., 90 F. Supp. 3d 118, 135 n.17 (S.D.N.Y. 2015) (quoting Lax v. 29 Woodmere Blvd. Owners, Inc., 812 F. Supp. 2d 228, 234, n.4 (E.D.N.Y. 2011)); see also DiCenso v. Cisneros, 96 F.3d 1004, 1008 (7th Cir. 1996) ("Like the Tenth Circuit, we recognize a hostile housing environment cause of action, and begin our analysis with the more familiar Title VII standard."); Monus v. Riecke, No. CV-21-218, 2021 WL 1721010, at *3 (E.D. La. Apr. 30, 2021) ("Courts apply the Title VII sexual harassment standards to [sex-based hostile housing environment] claims under the FHA." (citing Greater New Orleans Fair Hous. Action Ctr. v. Kelly, 364 F. Supp. 3d 635, 651 (E.D. La. 2019))).

repeatedly threatened and humiliated Plaintiff while using egregiously vulgar, graphic, and derogatory language of a sexual nature.  (See Complaint ¶¶ 46-71.)  Additionally, the fact that the conduct allegedly took place in Plaintiff's apartment, and partly in her bedroom, exacerbates the severity of the incident.  See Glover v. Jones, 522 F. Supp. 2d 496, 504 (W.D.N.Y. 2007) (finding a triable issue of fact as to the severity of Plaintiff's sexual harassment where the building supervisor repeatedly entered her apartment and made sexual comments and physical advances); (Complaint ¶ 47).

Plaintiff's Complaint also alleges sufficiently that her remaining interactions with Mr. Proverbs, taken together, were "sufficiently continuous and concerted to have altered the conditions of her [living] environment."  Ghaly, 739 F. Supp. 2d at 196.  Plaintiff has plausibly alleged that Mr. Proverbs' various unannounced visits to her apartment, his frequent sexual comments, and his threatening behavior deprived her almost entirely of the use and enjoyment of the Condominium for seven weeks, leaving her a "prisoner in her own home."  (Complaint ¶ 75.) The Court therefore finds that Plaintiff has stated a claim for housing discrimination under the FHA and NYSHRL, and under the more liberal pleading standard of the NYCHRL.

For these reasons, the Court finds that Plaintiff has sufficiently plead that her alleged treatment constituted housing discrimination under the FHA, NYSHRL, and under the far less demanding standard of the NYCHRL.

Public Accommodation Discrimination under the NYSHRL and NYCHRL

To state a claim for public accommodation discrimination under New York state and local law, Plaintiff must establish that she experienced discrimination while attempting to access a place of "public accommodation" within the meaning of the statutes.  Plaintiff has alleged that Mr. Proverbs' harassing conduct prevented her from accessing the hallways,

stairwells, and amenities of her building for seven weeks.  (Complaint ¶¶ 27-28, 126-30.)  The described pattern of harassment would suffice to establish discrimination under state and local law if — in fact — those areas are "places of public accommodation" within the meaning of the relevant statutes.[6]  Plaintiff argues, and Defendants dispute, that the non-habitable areas of the 21 Astor Place condominium building constitute public accommodations under New York state and City law.  (Docket entry no. 47 ("Pl. Mem.") at 16; docket entry no. 44 ("Condo Defs. Mem.") at 16.)

The question of whether a facility is a place or provider of public accommodation, for purposes of determining whether members of a protected class were unlawfully discriminated against "is ordinarily an issue of fact that cannot be determined on a motion to dismiss."  Carmelengo v. Phoenix Houses of N.Y., Inc., 54 A.D.3d 652, 652 (N.Y. App. Div. 2008).  New York law defines "public accommodation" to include "public halls, public rooms, public elevators, and any public areas of any building or structure" but notes that this definition will not include "any institution, club or place of accommodation which proves that it is in its nature distinctly private."  N.Y. EXEC. LAW § 292(9) (Westlaw through L.2024).  The question of whether the condominium building is "distinctly private" involves an inquiry into its activities, membership, size, and organizational structure.  See id.; Daniel v. Am. Bd. of Emergency Med.,

---

[6]   The standard for analyzing discriminatory conduct for public accommodation discrimination claims under the NYSHRL is "identical" to the standard for analyzing discriminatory conduct for housing discrimination claims brought under the FHA and NYSHRL.  See Drayton v. Toys 'R' Us Inc., 645 F. Supp. 2d 149, 163 (S.D.N.Y. 2009) (holding that racial discrimination in places of public accommodation is subject to the same analysis as a claim of discrimination under federal law).  Under the less stringent standard of the NYCHRL, a plaintiff need only show that they "have been treated less well than other[s] . . . because of a protected characteristic."  Novio, 286 F. Supp. 3d at 583.

802 F. Supp. 912, 928 (W.D.N.Y. 1992) (denying a motion to dismiss a public accommodation discrimination claim because "[w]hether a place of public accommodation is a 'distinctly private' club and therefore excluded from the operation of the Human Rights Law is a question of fact" best answered after the development of a factual record).[7] These are questions that require further development of the factual record and the Court need not — and does not — decide this issue at this stage.

For these reasons, the Court finds that Plaintiff has sufficiently plead that her treatment constituted public accommodation discrimination under the NYSHRL and the NYCHRL. The Court will next turn to the question of which, if any, of the Condo Defendants may be held vicariously liable for this discrimination allegedly perpetrated by Defendant Proverbs, who has not moved to dismiss the claims against him.

### The Non-Employer Defendants

Under the FHA, a principal may be held vicariously liable for the tortious conduct of its agents in accordance with "traditional agency principles" and, ordinarily, it is the employing entity, and not its individual officers, that is treated as the employer or principal in this connection. Meyer v. Holley, 537 U.S. 280, 282 (2003). An individual may also be liable for discrimination under the NYSHRL "as either an employer . . . or as an 'aider and abettor.'" Krause v. Lancer & Loader Grp., LLC, 965 N.Y.S.2d 312, 323 (N.Y. Sup. Ct. 2013) (citing N.Y.

---

[7] Additionally, New York courts have recognized that "the civil rights laws were enacted . . . to ensure all citizens equal enjoyment of privileges of a quasi-public character," and that "many . . . types of privately-owned establishments are to some extent public." Ness v. Pan Am. World Airways, 535 N.Y.S.2d 371, 374 (N.Y. Sup. Ct. 1998); see also In re Gifford v. McCarthy, 137 A.D.3d 30, 36 (N.Y. App. Div. 2016) ("[T]he Legislature intended that the definition of place of accommodation should be interpreted broadly.").

EXEC. LAW §§ 296 (1) and (6)).  Similarly, the NYCHRL provides that "shareholders, agents, limited partners, and employees . . . are not employers within the meaning of the [NYCHRL] . . . those individuals may incur liability only for their own discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against protected conduct." Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 459 (2021).  Under each of the three standards, only Mr. Proverbs' employer(s) may be held vicariously liable for a primary violation of Plaintiff's rights based on Mr. Proverbs' discriminatory conduct.  Plaintiff alleges that Mr. Proverbs was employed by defendants Douglas Elliman and the Condominium.  The Board of Managers of the Condominium and Mr. Ribbecke, its president, are not alleged to have employed Mr. Proverbs and nothing in the Complaint supports an inference that Mr. Ribbecke or any of the other individual members of the Board of Managers themselves employed Mr. Proverbs.  Therefore, the Court finds that neither the Board of Managers nor Mr. Ribbecke can be held vicariously liable for discrimination under the FHA, NYSHRL, or the NYCHRL.

    Plaintiff also asserts aiding and abetting claims against the Non-Employer Defendants in connection with Mr. Proverbs' alleged conduct.  Those Defendants may only be found liable for aiding and abetting Proverbs' discrimination under the State and Local human rights law if they "actually participated in the conduct giving rise to the claim," Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 367 (S.D.N.Y. 2012) (quoting Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004)).  Plaintiff does not allege that the Non-Employer Defendants "actually participated" in Mr. Proverbs' pattern of harassment.  Although Plaintiff alleges that Mr. Ribbecke failed to take corrective action against Mr. Proverbs, this is insufficient to support an inference that he "actually participated" in the discriminatory conduct.  Id.  For these reasons the Complaint fails to plead a plausible factual basis upon which vicarious or

aiding and abetting liability could be imposed on the Non-Employer Defendants in connection with Plaintiff's FHA, NYSHRL and NYCHRL claims, and the Court grants the Condo Defendants' motion to dismiss Plaintiff's housing and public accommodation discrimination claims, as well as Plaintiff's aiding and abetting claims — claims one, two, three, five, six, seven, and nine — as against the Non-Employer Defendants.

The Employer-Defendants

Plaintiff alleges that the Employer-Defendants, Douglas Elliman and 21 Astor Place Condominium, are liable as the "joint employers" of Mr. Proverbs. (Complaint ¶ 21.) The FHA, NYSHRL, and NYCHRL utilize different mechanisms to impute liability to an employer for the torts of its employee.

*FHA Claim*

The FHA imputes liability to principals through the doctrine of respondeat superior, which is analyzed according to traditional common law vicarious liability principles. Meyer, 537 U.S. at 285. A principal is subject to liability when the agent acts within the scope of his or her employment. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 756 (1998) (quoting the Restatement (Second) of Agency ("Restatement") § 219(1) (1958)). The general rule, however, is that "sexual harassment . . . is not conduct within the scope of employment," because it is activity engaged in for the employee's own gratification and not with the intention of furthering the interests of the employer. Id. at 757.

A principal may nevertheless be vicariously liable when an agent acts outside the scope of their employment if, inter alia, "the [principal] was negligent or reckless." Id. at 758 (quoting the Restatement § 219(2)). An employer is negligent with respect to sexual harassment

"if it knew or should have known about the conduct and failed to stop it." Id. at 759. Whether knowledge is imputed to an employer turns on the rank and responsibilities of the employee who gained such knowledge of the offensive conduct. See Torres v. Pisano, 116 F.3d 625, 637 (2d Cir. 1997) ("[W]here the person who gained notice of the harassment was the supervisor of the harasser (e.g., had the authority to hire, fire, discipline, or transfer him), knowledge will be imputed to the employer.").

Plaintiff asserts that the Employer Defendants had the requisite knowledge of the alleged harassment because Edward Hernandez, the building manager supervisor, witnessed the conduct in question. (Pl. Mem. at 12-14.) Plaintiff alleges that Mr. Hernandez was the building manager supervisor but has not otherwise described Mr. Hernandez's duties or responsibilities. At the pleading stage, Plaintiff's allegations as to his job title are sufficient to support plausibly an inference that Mr. Hernandez was a sufficiently high-ranking supervisor that his knowledge of Mr. Proverbs' harassing conduct could be a proper basis for liability of the Employer Defendants.

For these reasons, the Court denies Defendants' motion insofar as it seeks dismissal of Count One, Plaintiff's FHA claim, against the Employer Defendants.

*NYSHRL Claims*

Under New York state's Human Rights Law, vicarious liability "is not available in cases involving discrimination, including sex-based discrimination and its sexual harassment component." In re Father Belle Cmty. Ctr. v. N.Y.S. Div. of Hum. Rts., 221 A.D.2d 44, 53 (N.Y. App. Div. 1996). A plaintiff can recover against an employer only if she "demonstrate[s] that the employer acquiesced in the discriminatory conduct or subsequently condoned it." Id. "Condonation . . . contemplates a knowing, after-the-fact forgiveness or acceptance of an

offense. An employer's calculated inaction in response to discriminatory conduct may . . . indicate condonation." Id. A plaintiff need only establish that "upper-level supervisors had knowledge of the conduct and ignored it" and, if so, "the harassment will be imputed to the corporate employer and will result in imposition of direct liability." Id. at 54.

As explained above, Plaintiff has pleaded sufficient facts to support a reasonable inference that Mr. Hernandez knew of the conduct in question and was employed in a managerial and supervisory capacity. Additionally, Plaintiff has proved sufficient factual allegations to support an inference that Mr. Hernandez was an upper-level supervisor.

For these reasons, the Condo Defendants' motion is denied insofar as it seeks the dismissal of Plaintiff's NYSHRL discrimination claims, Counts Two and Three, against the Employer Defendants, both of which are alleged to have employed Mr. Hernandez and Mr. Proverbs.

*NYCHRL Claims*

The NYCHRL holds employers strictly liable for the discriminatory conduct of their employees "without regard to the knowledge or conduct of the employer." Johnston v. Apple Inc., No. 11-CIV-3321-JSR, 2011 WL 4916305, at *5 (S.D.N.Y. Oct. 14, 2011). Therefore, the Court finds that Plaintiff has plausibly pleaded a basis through which the Employer Defendants could be found strictly liable for Plaintiff's claims arising from Proverbs' conduct and brought under the NYCHRL and denies the Motion to Dismiss Counts Six and Seven as against the Employer Defendants.

*Aiding and Abetting*

The Employer-Defendants may be found liable for aiding and abetting discrimination under both the NYSHRL and the NYCHRL if they "condoned" Mr. Proverbs' alleged discriminatory conduct. See Johnson v. Cnty. of Nassau, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015) (finding that employers can be held liable for aiding and abetting their employees' conduct if the employer "encouraged, condoned, or approved the discriminatory conduct of a sole employee"); see also Farmer v. Shake Shack Ent., LLC, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020) (holding that the aiding and abetting provisions under NYSHRL and NYCHRL are "subject to the same analysis" because "the language of the both [laws] is identical"). As discussed above, Plaintiff has established a plausible inference that the employer "condoned" Proverbs' discriminatory conduct by failing to take corrective action after Edward Hernandez witnessed the conduct. Therefore, Plaintiff has adequately pleaded a factual basis upon which the Employer Defendants can be found to have aided and abetted that conduct, and accordingly denies the Condo Defendant's motion to dismiss Counts Five and Nine.

<u>Negligent Hiring, Supervision, and Retention</u>

To state a claim for negligent hiring, supervision, or retention, a plaintiff must plead, in addition to the elements required for a negligence claim,[8] (1) the existence of an employee-employer relationship; (2) that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" and (3) "a nexus or connection

---

[8] To state a negligence claim, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." Solomon v. City of N.Y., 66 N.Y.2d 1026, 1027 (1985) (internal citations omitted).

between the defendant's negligence in hiring and retaining [or supervising] the offending employee and the plaintiff's injuries." Sokola v. Weinstein, 187 N.Y.S.3d 493, 500 (N.Y. Sup. Ct. 2023). As to the third element, "nexus" is satisfied when the defendants' negligence is a proximate cause of Plaintiff's injuries. See id. at 507.

Plaintiff has stated a claim against the Employer Defendants for negligent supervision and retention. Plaintiff has sufficiently alleged that the Employer Defendants — as employers and landowners — had and breached a duty to protect Plaintiff from Mr. Proverbs' discriminatory conduct. See Moore Charitable Found. v. PJT Partners, Inc., 40 N.Y.3d 150, 162 (2023) (finding that the employer-employee relationship "gives rise to a duty to properly supervise and oversee the conduct of employees"); Sokola, 187 N.Y.S.3d at 499 ("Landowners . . . have a duty to protect tenants . . . from foreseeable harm . . . because the special relationship puts them in the best position to protect against the risk." (quoting 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 96 N.Y.2d 280, 289 (2001))). Plaintiff has also plausibly pleaded facts to show her injury was proximately caused by this breach because Plaintiff alleges that she would not have experienced the sexual harassment were it not for the Condo Defendants' retention of, and failure to adequately supervise, Mr. Proverbs.

Plaintiff has additionally satisfied the elements for a negligent supervision and retention claim because Plaintiff established that Mr. Proverbs was an employee of the Employer Defendants. Further, the allegations support a plausible inference that the Employer Defendants "knew or should have known of [Mr. Proverbs'] propensity for the conduct which caused the injury" after Mr. Hernandez witnessed Mr. Proverbs' harassing conduct. Sokola, 187 N.Y.S.3d at 500; see Easterbrooks v. Schenectady Cnty., 194 N.Y.S.3d 173, 177 (N.Y. App. Div. 2023) (finding that, while negligent supervision claims need not be pleaded "with specificity," they

must include something more than bare assertions that the Defendant should have known that the employee "presented a foreseeable harm"); Johansmeyer v. N.Y.C. Dep't of Educ., 165 A.D.3d 634, 636 (N.Y. App. Div. 2018) (finding a triable negligent supervision claim where a school employee sexually assaulted a student off-grounds because he was previously observed engaging in inappropriate behaviors in the scope of his employment which sufficiently put the employer on notice of the employee's propensity for sexual misconduct). Finally, given that Plaintiff has established the proximate cause element of a negligence claim, Plaintiff has also satisfied the nexus factor. See id. at 507. Because Plaintiff has satisfied the requisite elements, the Court finds that Plaintiff has stated a claim for negligent supervision, and retention.

The Court finds, however, that Plaintiff has not adequately plead a negligent hiring cause of action because Plaintiff has not alleged sufficient facts demonstrating that the Employer Defendants "knew or should have known of [Mr. Proverbs'] propensity for the conduct which caused the injury" prior to hiring him. Id. at 500.

For these reasons, the Court denies the Condo Defendants' motion to dismiss Count Twelve, in so far as it relates to negligent retention and supervision.

Plaintiff's Abandoned Claims

The Condo Defendants argue that Plaintiff's retaliation claims under the NYSHRL and NYCHRL[9] should be dismissed because Plaintiff does not allege that the Condo Defendants took any adverse housing action against her in retaliation for her complaint. (Condo Defs. Mem. at 17.) The Condo Defendants additionally argue that Plaintiff's interference claim

---

[9] Count Four and Eight, respectively.

under NYCHRL, which makes it unlawful to interfere with any claim guaranteed by N.Y. City Admin. Code § 8-107(19),"[10] should be dismissed because Plaintiff did not provide any explanation of the factual basis of her claim and did not allege that the Condo Defendants ever threatened her — an essential element of a cognizable interference claim.  (Id. at 20 (citing Romano v. A360 Media, LLC, No. 20-CV-8988-LTS-OTW, 2023 WL 348459, at *13 (S.D.N.Y. Jan. 20, 2023)).)  Plaintiff failed to respond to these arguments in her opposition brief.  (See Pl. Mem.)  "At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."  Horsting v. St. John's Riverside Hosp., No. 17-CV-3230-CS, 2018 WL 1918617, at *6 (S.D.N.Y. Apr. 18, 2018) (citations omitted).  Therefore, the Court finds that Plaintiff has abandoned her retaliation and interference claims as against the Condo Defendants.

For these reasons, the Court grants the Condo Defendants' motion to dismiss Plaintiff's remaining fourth, eighth, and tenth claims as against all Condo Defendants.

<u>LEAVE TO AMEND</u>

With respect to her abandoned claims for retaliation and interference, Plaintiff has neither addressed those claims nor requested leave to amend.  (See Complaint; Pl. Mem.)  Where a Plaintiff does not seek "leave to amend [her] complaint . . . the Court affords [her] no such opportunity."  Schwartz v. HSBC Bank USA, N.A., No. 14-CV-9525-KPF, 2017 WL 95118, at *8 (S.D.N.Y. Jan. 9, 2017) (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1132 (2d Cir. 1994) ("Although federal courts are inclined to grant leave to amend following a dismissal order,

---

[10]   Count Ten.

we do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.")).

With respect to her non-abandoned claims against the Non-Employer Defendants, Plaintiff is granted leave to file a motion to amend those claims against the Non-Employer Defendants. Any such motion must follow all applicable federal and local rules of motion practice and must include Plaintiff's Proposed Amended Complaint as well as a redline of the Proposed Amended Complaint comparing that pleading to the originally filed Complaint. Should Plaintiff fail to file such a motion **within 21 days** of the entry of this Memorandum Order, Plaintiff's remaining claims against Mr. Ribbecke and the Board of Managers will be dismissed with prejudice and without further notice.

## CONCLUSION

For the foregoing reasons, the Condo Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's abandoned claims four, eight, and ten are dismissed with prejudice. All remaining claims against the Non-Employer Defendants are dismissed without prejudice to a motion for leave to further amend those claims. If Plaintiff fails to make a motion for leave to amend her non-abandoned claims against the Non-Employer Defendant **within 21 days** of the entry of this Memorandum Order, those claims will be dismissed with prejudice and without further notice. The motion to dismiss is denied with respect to all remaining claims against Defendants 21 Astor Place Condominium and Douglas Elliman Property Management. This case will be referred to Magistrate Judge Lehrburger for general pretrial management.

This Memorandum Order resolves docket entry no. 42.

SO ORDERED.

Dated: New York, New York
September 3, 2024

          /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge